UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
Pittsburgh Division

| | |
|---|---|
| Michael Fennell, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Midland Credit Management, Inc., and John Does 1-25,<br><br>Defendant(s). | C.A. No: 2:21-cv-1561<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Michael Fennell (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, Zukowsky Law LLC against Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Pennsylvania, County of Armstrong.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served upon their registered agent, Corporation Service Company, at 80 State Street, Albany, NY 12207.

9. Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of Pennsylvania;

   b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

   c. in which the collection letter threatens litigation;

   d. yet the Defendant did not bring litigation subsequent to the stated deadline;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, Exhibit B and Exhibit C violate 15 U.S.C. § l692e and § l692f et seq.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    f. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    g. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and § l692f et seq.

    h. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    i. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

j. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to March 17, 2021, on a date better known to Defendant, an obligation was allegedly created to the original creditor, Credit One Bank, N.A. (hereinafter "Credit One").

22. Upon information and belief, Credit One transferred the subject debt to Midland Credit Management, Inc for the purpose of debt collection.

23.	The original subject obligation arose out of a personal credit card debt. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

24.	The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25.	The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.	Defendant purchased the subject debt for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

### *Violation 1 – March 17, 2021 Collection Letter*

27.	On or about March 17, 2021, the Defendant sent the Plaintiff a collection letter regarding the alleged debt. (See Letter at Exhibit A.)

*28.*	Towards the top of the Letter, Defendant writes in large bold white letters, "LEGAL COLLECIONS DEPARTMENT" surrounded by a large box.

*29.*	In the body of the letter, Defendant states: "As attorneys with Midland Credit Management, Inc. legal department, we are contacting you regarding the collection of the above balance.  Your Credit One Bank, N.A. Account, owned by Midland Credit Management, Inc. has now been transferred to our legal collections department due to non-payment.  We are currently reviewing documentation ( including the attached documents) in preparation for filing a lawsuit against you.

Demand is hereby made upon you for the above payment IN FULL- this is the amount due on your original obligation when transferred to our department.  Please send payment Made Payable to Midland Credit Management, Inc. by 3/27/2021.  You may also make a payment online at MidlandCredit.com.

If we do not receive payment IN FULL by 03/27/2021, we intend to file a lawsuit against you, seeking entry of judgment for your account's outstanding balance as well as any incurred and recoverable court costs. We intend to continue our collection efforts through various post-judgment remedies available under your state's laws if a judgment is obtained against you. If you are unable to pay in full by 03/27/2021 please contact our office at (877)-898-5001 to discuss affordable repayment options.

Your prompt attention is necessary to avoid a lawsuit. Please call (877)-898-5001 no later than 03/27/2021. You may also make a payment online at MidlandCredit.com.

30. However, in contrast to the threat posed, the Defendant did not file a law suit for many months thereafter, long since the 3/27/2021 deadline given in the letter.

31. After including numerous warnings in the Letter that Defendant threatened litigation against the Plaintiff, Defendant has failed to bring any such action against the Plaintiff, up until and including the time of the filing of this Complaint.

32. It is now clear that Defendant did not in fact intend to bring an imminent lawsuit against the Plaintiff.

33. Moreover, despite threatening a final chance to avoid litigation, Defendant has failed to deliver on its threats.

34. The Plaintiff was injured in result of these numerous threats. Specifically, the Plaintiff incurred an informational injury as Defendant misrepresented its intention of bringing a lawsuit against the Plaintiff.

35. The Plaintiff believed he was going to receive a lawsuit shortly thereafter.

36. The Plaintiff has lived in fear of a lawsuit occurring for months due to the threats made by Defendant over the course of several months.

37. Clearly, the Defendant's repetition of threats of litigation against the Plaintiff was only used in a deceptive and harassing fashion to inflict fear upon the Plaintiff that he would be sued imminently.

38. Congress has expressly identified the specific concrete harm incurred by a consumer when a debt collector threatens to take any action that cannot legally be taken or that is not intended to be taken.

39. The Plaintiff incurred concrete harm of fear of imminent litigation and resulting emotional distress, which are closely related to concepts of traditional common law torts of intentional infliction of emotional distress and fraud.

40. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendant violated §1692e:

    a. As the letter falsely represents that Defendant intends to bring a law suit against the Plaintiff, falsely representing the legal status of the debt in violation of §1692e(2); and

    b. As Defendant threatens litigation against the Plaintiff, when in fact it was not the intention of the Defendant to bring such legal action, in violation of §1692e(5); and

    c. By making false and misleading representations in violation of §1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

48. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

49. Defendant violated §1692f:

  k. As the letter falsely represents that Defendant intends to bring a law suit against the Plaintiff, the Defendant utilized an unfair and/or unconscionable means to collect or attempt to collect the subject debt in violation of §1692f.

50. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michael Fennel, individually and on behalf of all others similarly situated, demands judgment from Defendant MCM as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Amichai Zukowsky, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

By:/s/ Amichai Zukowsky

Amichai E. Zukowsky
*Attorney for Plaintiff*
Amichai E. Zukowsky, Esq.
Zukowsky Law, LLC
23811 Chagrin Blvd, Suite 160
Beachwood, OH 44122
Phone: 216.800.5529
Email: ami@zukowskylaw.com